```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF FLORIDA
        TAMPA DIVISION
```

ANTHONY ERIC HESS,

      Plaintiff,

v.                                    Case No. 8:13-cv-3136-T-33EAJ

COCA-COLA REFRESHMENTS
USA, INC.,

      Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Third-Party Defendant, Intelligrated Systems LLC's Motion to Dismiss (Doc. # 34), filed on September 23, 2014. Third-Party Plaintiff Coca-Cola Refreshments USA, Inc. filed a response in opposition to the Motion on September 29, 2014. (Doc. # 35). In its response, Coca-Cola moves, in the alternative, for leave to amend its Third-Party Complaint against Intelligrated. Upon due consideration, the Court grants Coca-Cola's request, and as a result, Intelligrated's Motion to Dismiss is denied as moot.

**I.**    **Background**

Plaintiff Anthony Eric Hess initiated this personal injury action in state court on August 22, 2013, and filed an

Amended Complaint on the same day. (Doc. # 2). According to the Amended Complaint:

> On March 31, 2011, [Coca-Cola] was the owner and in possession, custody and control of a premises known as the Auburndale Coca-Cola Bottling Plant in Auburndale, Polk County, Florida.
>
> At that time and place, Plaintiff Anthony Eric Hess . . . was on the premises to assist with installing a new conveyor system and held the status of an invitee. Plaintiff was wiring a control box for the new conveyor system. Plaintiff was performing his job while sitting on the floor near the end of a section of an existing conveyor. There was a pallet of orange juice on the existing conveyor that weighed about 2,000 pounds. While Plaintiff was on the floor next to the existing conveyor, an employee or agent of [Coca-Cola] reversed the movement of the existing conveyor so as to cause the pallet to fall off of the existing conveyor and onto the Plaintiff.

(Id. at ¶¶ 2-3).

Thereafter, on December 12, 2013, Coca-Cola removed this action on the basis of diversity jurisdiction. (Doc. # 1). The Court issued a Case Management and Scheduling Order on February 26, 2014, setting July 11, 2014, as the deadline to add parties or amend pleadings; January 2, 2015, as the discovery deadline; February 2, 2015, as the deadline for filing dispositive motions; June 11, 2015, as the date for

2

the final pre-trial conference; and setting this action for the Court's July, 2015, trial term. (Doc. # 9).

Subsequently, Coca-Cola filed a motion for leave to assert third-party claims against non-party Intelligrated (Doc. # 19), as Intelligrated's "potential liability [to Coca-Cola] would be dependent upon the outcome of the main claim as [Coca-Cola's] claims against it would be based on theories of indemnification." (Id. at 2). This Court granted Coca-Cola's request on July 29, 2014 (Doc. # 23), and Coca-Cola filed its Third-Party Complaint (Doc. # 24) on July 31, 2014.

Intelligrated filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on September 23, 2014. (Doc. # 34). Coca-Cola filed a response in opposition on September 29, 2014. (Doc. # 35). As noted, in its response, Coca-Cola sought, in the alternative, leave to amend its Third-Party Complaint against Intelligrated "to add with more specificity factual allegations giving rise to Intelligrated's liability in this action." (Id. at 12). The Court has reviewed the Motion and the response thereto, and is otherwise fully advised in the premises.

As Coca-Cola has requested leave to amend its Third-Party Complaint, the Court declines to utilize scarce

3

judicial resources to address the merits of Intelligrated's Motion to Dismiss. Instead, the Court will determine whether Coca-Cola is entitled to amend its Third-Party Complaint outside the deadline to amend pleadings imposed by this Court.

## II. Discussion

"The grant or denial of an opportunity to amend is within the discretion of the district court." Foman v. Davis, 371 U.S. 178, 182 (1962). While "The Court should freely give leave when justice so requires," a motion to amend filed after the deadline established by the Case Management and Scheduling Order, as in this case, will only be granted upon a showing of good cause under Rule 16(b)(4). To show good cause, a party must establish that, despite its diligence, the deadline could not be met. Sosa v. Airport Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998)(citing Fed. R. Civ. P. 16 Advisory Committee's Note). In addition, leave to amend may be denied if the movant's conduct demonstrates "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment." Foman, 371 U.S. at 182.

Coca-Cola's request for leave to file an amended Third-Party Complaint is untimely under the Court's Case Management

4

and Scheduling Order. (See Doc. # 9). As a result, the good cause standard pursuant to Rule 16(b)(4), Fed. R. Civ. P., must be met before the Court can apply the more liberal Fed. R. Civ. P. 15 standard.

   **A. Fed. R. Civ. P. 16(b)(4)**

"[A] district court has the inherent authority to manage and control its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Voter Verified, Inc. v. Premier Election Solutions, Inc., No. 6:09-cv-1968-ORL19-KRS, 2010 WL 1049793, at *2 (M.D. Fla. Mar. 22, 2010) (quoting Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)). According to Fed. R. Civ. P. 16(b)(4), "A schedule may be modified only for good cause and with the judge's consent."

Upon due consideration, the Court finds that permitting Coca-Cola to amend its Third-Party Complaint will promote factual accuracy and encourage clarity of the record. Specifically, on August 20, 2014, roughly one month after the Court-imposed deadline for the parties to amend their pleadings or to add parties, Coca-Cola took the deposition of Hess. (Doc. # 35 at 11).

> At that deposition, Plaintiff testified regarding
> the alleged reversal of the conveyor that allegedly

5

caused the pallet to fall on Plaintiff. Plaintiff testified he did not know why the pallet was reversed on the conveyor and did not know if there was anything wrong with the way the pallet was palletized by [Coca-Cola] prior to the conveyor being reversed. He did not know if anything was done against [Coca-Cola] policy or if anything was inherently wrong with how the conveyor was being operated that day. Plaintiff also testified that the conveyor from which the pallet fell was "the way it was supposed to be" and that it was doing "what it was supposed to be doing" at the time of the incident.

However, Plaintiff did testify that it was Intelligrated employees who left the conveyor that caused the pallet to fall exposed when Intelligrated employees were removing pieces of the conveyor pursuant to their job duties. When Intelligrated mechanics removed pieces of conveyor at [Coca-Cola] during this project, there would had to have been a pallet stop or barrier placed on the exposed conveyor to prevent pallets from falling off the conveyor. Plaintiff did not recall seeing a pallet stop that day or anything else that would have prevented a pallet from falling off the portion of the conveyor left exposed by Intelligrated employees. He also testified that Intelligrated had complete control over his employment and performance, and that [Coca-Cola] had no control or supervision over Intelligrated or himself.

(Id. at 11-12)(internal citations omitted).

Furthermore, there is no indication that any party will be prejudiced in their continual effort to prosecute or defend

6

in this action if Coca-Cola is allowed to amend its pleading after the deadline imposed by the Case Management and Scheduling Order. Accordingly, the Court finds that good cause exists to permit Coca-Cola's requested amendment even though the deadline for joining parties and amending pleadings has technically passed. "Once good cause is shown, the court may consider whether leave should be granted under Rule 15." Thorn v. Blue Cross & Blue Shield of Fla., Inc., 192 F.R.D. 308, 309-10 (M.D. Fla. 2000).

**B. Fed. R. Civ. P. 15**

A decision whether to grant leave to amend is within the discretion of the district court. Foman, 371 U.S. at 182. However, that discretion is guided by Federal Rule of Civil Procedure 15(a), which states: "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); see Shipner v. E. Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989)("[U]nless a substantial reason exists to deny leave to amend, the discretion of the [d]istrict [c]ourt is not broad enough to permit denial."). As a result, there must be a "justifying reason" for a court to deny leave to amend. Foman, 371 U.S. at 182. These "justifying reasons" can include undue delay, bad faith or dilatory motive on the part

7

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the other party, or futility. Id.

Coca-Cola seeks leave to amend its Third-Party Complaint "to add with more specificity factual allegations giving rise to Intelligrated's liability in this action." (Doc. # 35 at 12). In particular, evidence established "through Plaintiff's deposition," which provided Coca-Cola with a "continued good faith argument that Intelligrated is responsible for the claims originally brought in [Coca-Cola's] Third-Party Complaint [a]gainst Intelligrated." (Id. at 13). Upon review, the Court does not find it apparent that any "justifying reason" is present or that Coca-Cola's proposed amended Third-Party Complaint against Intelligrated is necessarily insufficient, frivolous, or subject to dismissal. Therefore, in an effort to fully develop the factual and legal arguments and provide every party an adequate opportunity to assert all allegations, claims, and defenses it may have, the Court grants Coca-Cola's request for leave to amend in order to file an amended Third-Party Complaint against Intelligrated.

Coca-Cola has until and including October 1, 2014, to file its amended Third-Party Complaint (Doc. # 35-1) separate and apart from its response in opposition to Intelligrated's

Motion. In light of this Court's Order, Intelligrated's Motion to Dismiss is denied as moot.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Court grants Third-Party Plaintiff Coca-Cola Refreshments USA, Inc.'s request for leave to amend in order to file an amended Third-Party Complaint against Intelligrated.

(2) Coca-Cola has until and including **October 1, 2014**, to file its amended Third-Party Complaint (Doc. # 35-1) separate and apart from its response in opposition to Third-Party Defendant Intelligrated Systems, LLC's Motion to Dismiss.

(3) Intelligrated's Motion to Dismiss (Doc. # 34) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of September, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

9