UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY ERIC HESS,

    Plaintiff,

v.                                         Case No. 8:13-cv-3136-T-33EAJ

COCA-COLA REFRESHMENTS
USA, INC.,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO STAY OR DEFER CONSIDERATION OF DEFENDANT COCA-COLA REFRESHMENTS USA, INC.'S MOTION TO TAX COSTS AND MOTION FOR ATTORNEY'S FEES AND COSTS AND SUPPORTING MEMORANDUM OF LAW

Plaintiff moves the Court for an Order staying or deferring consideration of the Motion to Tax Costs (Doc. 143) and Motion for Attorneys' Fees and Costs (Doc. 144) filed by Defendant Coca-Cola Refreshments USA, Inc. ("CCR") and excusing Plaintiff from responding to those motions pending the outcome of Plaintiff's appeal. In support of this motion, Plaintiff states as follows:

### BACKGROUND

1. On November 20, 2015, the Court entered an Order granting CCR's Amended Motion for Summary Judgment. (Doc. 137)

2. The Court's Order granting summary judgment was subsequently made final and appealable by Fed. R. Civ. P. 54 (b) certification. (Doc. 152).

3. CCR filed a Motion to Tax Costs on December 4, 2015, which seeks an award of $22,612.36 in costs from Plaintiff. (Doc. 143.)

4. CCR filed a Motion for Attorney's Fees and Costs on December 4, 2015, which seeks an award of $263,526.95 in attorney's fees and costs from Plaintiff. (Doc. 144.)

5. CCR filed 515 pages of material in support of its Motion for Attorney's Fees and Costs, which includes, among other things, two attorney affidavits, attorney time sheets, invoices, copies of checks, and a proposal for settlement.

6. CCR's Motion to Tax Costs and Motion for Attorney's Fees and Costs were referred to United States Magistrate Judge Elizabeth A. Jenkins for disposition on December 7, 2015. (Doc. 145.)

7. Judge Jenkins has given Plaintiff a deadline of January 15, 2015 within which to respond to CCR's Motion to Tax Costs and Motion for Attorney's Fees and Costs. (Doc. 147.)

8. On December 21, 2015, Plaintiff appealed the Court's Order granting summary judgment to the United States Court of Appeals for the Eleventh Circuit. (Doc. 150.)

9. On December 30, 2015, CCR and Third Party Defendant Intelligrated Systems, LLC ("Intelligrated") filed a Joint Motion to Stay CCR's claims against Intelligrated pending the resolution of Plaintiff's appeal. (Doc. 153.)

10. In support of their joint motion to stay, CCR and Intelligrated stated:

> …CCR's claims against Intelligrated arise out of indemnification theories and will depend, in part, on the outcome of Plaintiff's pending appeal. In the interest of judicial economy and to avoid unnecessary litigation expenses, CCR and Intelligrated jointly request a limited stay of CCR's claims against Intelligrated until Plaintiff's appeal is resolved.

(Doc. 153, p. 4.)

11. On December 30, 2015, the Court granted CCR and Intelligrated's joint motion to stay and stated in its Order that "[a]ccordingly, this case is STAYED and ADMINISTRATIVELY CLOSED." (Doc. 154.)

12. Plaintiff interprets the Court's Order as having stayed the entire case—including the resolution of CCR's Motion to Tax Costs and Motion for Attorney's Fees and Costs—and not just having stayed CCR's claims against Intelligrated.

13. However, out of abundance of caution, Plaintiff moves the Court for an Order staying or deferring consideration of CCR's Motion to Tax Costs and Motion for Attorney's Fees and Costs and excusing Plaintiff from responding to those motions pending the outcome of the appeal.

## MEMORANDUM OF LAW

"As a general rule, the filing of a notice of appeal divests a district court of jurisdiction with respect to any matters involved in the appeal." Marinemax and Newcoast Financial Services, LLC v. National Union Fire Insurance Company of Pittsburgh, P.A., Case No.: 8:10-cv-1059-T-33AEP, 2013 U.S. Dist. Lexis 41326, at *2 (M.D. Fla. March 23, 2013). The district court does, however, have discretion to consider claims for attorneys' fees pending an appeal. "The Advisory Committee Notes to Rule 54 (b)(2) explain, 'If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer ruling on the motion, or many deny the motion without prejudice, directing under subdivision (d)(2)(b) a new period for filing after the appeal has been resolved." Id.

In Marinemax and Newcoast Financial Services, LLC, this Court denied motions for attorneys' fees and costs without prejudice to re-file after an appeal was concluded. Id. The Court reasoned as follows:

> If this Court were to resolve the attorneys' fees and costs issues while an appeal remains pending, it would engage in piecemeal adjudication of attorneys' fees and costs. Immediate resolution of the collateral issues of attorneys' fees and costs is unlikely to assist the Court of Appeals. The record reflects no good cause for the motions for attorneys' fees and the proposed bill of costs to remain pending

during the pendency of the appeal. Last, the attorneys' fees and costs are often resolved in appellate mediation.

Id.

The same reasons that justified deferred consideration of the motions for attorneys' fees and costs in Marinemax and Newcoast Financial Services, LLC are present in this case. These are incidentally the same kinds of reasons that justified the Court's granting the motion to stay CCR's third party claim against Intelligrated in the present case. First, if Plaintiff prevails on appeal, there may never be a need for the Court to address CCR's claim for fees and costs against Plaintiff at all. If the Plaintiff loses the appeal, the Court will have to consider a second motion for attorneys' fees and costs because CCR's fees and costs will increase while defending the appeal and CCR will seek to recover that increased amount from Plaintiff. CCR's claim for fees and costs should not be addressed on a piecemeal basis. Second, resolution of the fees and costs issue will not assist the Eleventh Circuit—whose sole job will be to determine whether CCR was legally entitled to worker's compensation immunity under the facts of this case. Third, there is no good cause to address CCR's claim for fees and costs before the appeal is concluded. Fourth, the Eleventh Circuit may direct the parties to mediate this case and such a mediation could encompass CCR's claim for fees and costs. Based on all of the foregoing, the relief requested by Plaintiff is appropriate.

## LOCAL RULE 3.01 (g) CERTIFICATE

The undersigned certifies that before filing this motion he conferred with opposing counsel in a good faith attempt to resolve the issue raised by this motion and was informed that CCR objects to this motion.

WHEREFORE Plaintiff respectfully requests that the Court stay or defer consideration of CCR's Motion to Tax Costs (Doc. 143) and Motion for Attorneys' Fees and Costs (Doc. 144) and further excuse Plaintiff from having to file any type of response to those motions pending the outcome of Plaintiff's appeal.

### CERTIFICATE OF SERVICE

I certify that I electronically filed this motion with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Robert L. Blank, Esq. and Jessica A. Tetrick, Esq. at rblanksecretary@rumberger.com and jtetrick@rumberger.com (Counsel for CCR), Joseph D'Ambrosio, Esq. at service@dambrosiolaw.net (Counsel for Guarantee Insurance Company), and Mark H. Garrison at mark.garrison@cna.com (Counsel for Intelligrated), this 31st day of December, 2015.

/s/ Dan Talmadge
Dan Talmadge
One of the Attorneys for Plaintiff
Florida Bar No. 0506141
MORRIS, CARY, ANDREWS,
TALMADGE & DRIGGERS, LLC
3334 Ross Clark Circle
Dothan, Alabama 36303
Tel. (334) 702-000
Fax. (334) 673-0077
E-mail: dtalmadge@mcatlaw.com