UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY ERIC HESS,

    Plaintiff,

v.                            Case No: 8:13-cv-3136-T-33EAJ

COCA-COLA REFRESHMENTS USA, INC,

    Defendant and Third-Party Plaintiff,

v.

INTELLIGRATED SYSTEMS, LLC,

    Third-Party Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Coca-Cola Refreshments USA, Inc.'s Motion to Tax Costs (Doc. # 143) and Motion for Attorneys' Fees and Costs (Doc. # 144), both of which were filed on December 4, 2015. On December 21, 2015, Plaintiff Anthony Hess filed a Notice of Appeal. (Doc. # 150). For the reasons that follow, the Court denies the Motions without prejudice.

**Discussion**

On November 20, 2015, the Court granted Coca-Cola's Motion for Summary Judgment in this workers compensation action. (Doc. # 137). The Clerk of Court entered Judgment in favor of Coca-Cola on November 23, 2015. (Doc. # 139). On December 4, 2015, Coca-Cola filed a motion requesting to tax costs (Doc. # 143) and a motion requesting attorneys' fees and costs. (Doc. # 144). Prior

to responding to the Motions, Hess filed a Notice of Appeal. (Doc. # 41). Thereafter, on December 31, 2015, Hess filed a Motion to Stay or Defer Consideration of Defendant Coca-Cola Refreshments USA, Inc.'s Motion to Tax Costs and Motion for Attorney's Fees and Costs (Doc. # 155).

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction with respect to any matter involved in the appeal. In Green Leaf Nursery v. E.I. DuPont de Nemours & Co., 341 F.3d 1292, 1309 (11th Cir. 2003), the Eleventh Circuit explained: "The filing of an appeal is an event of jurisdictional significance–-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  However, notwithstanding the pendency of an appeal, the Court has discretion to deny a motion for attorney's fees without prejudice with leave to re-file after the appeal has concluded. See Fed. R. Civ. P. 54(d) (governing the procedure for awarding attorney's fees and costs).  The Advisory Committee Notes to Rule 54(d)(2) provide that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."  Advisory Committee Notes to the 1993 amendment to Rule 54(d)(2).

2

Rather than resolving the Motions to Tax Costs and Attorneys' Fees and Costs during the pendency of the appeal, the Court determines that the interests of justice would be better served by denying the Motions without prejudice and with leave to re-file after the conclusion of the appeal. Immediate resolution of the collateral issues of taxable costs and attorneys' fees and costs is unlikely to assist the Court of Appeals, and attorneys' fees and costs are often resolved in appellate mediation. See Larson v. Correct Craft, Inc., No. 6:05-cv-686-Orl-31-GKJ, 2008 U.S. Dist. LEXIS 32311, at *3 (M.D. Fla. Apr. 18, 2008). Thus, the Court denies the Motions without prejudice and with leave to re-file no later than fourteen days after entry of a mandate by the Court of Appeals on Hess's pending appeal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that

(1) Defendant Coca-Cola's Motion to Tax Costs (Doc. # 143) is **DENIED** without prejudice and with leave to re-file no later than fourteen days after entry of a mandate by the Court of Appeals on the pending appeal.

(2) Defendant Coca-Cola's Motion for Attorneys' Fees and Costs (Doc. # 144) id **DENIED** without prejudice and with leave to re-file no later than fourteen days after entry of a mandate by the Court of Appeals on the pending appeal.

**DONE** and **ORDERED** in Chambers in Tampa, Florida on this <u>6th</u> day of January, 2016.

                VIRGINIA M. HERNANDEZ COVINGTON
                      UNITED STATES DISTRICT JUDGE

4